In the Matter of the Accounting of DOROTHY FROOKS, as Executrix of J. RUSSELL MOWRIS, Deceased, Appellant-Respondent. FRANKLYN O. JUBLIN, as Coexecutor of J. RUSSELL MOWRIS, Deceased, Respondent-Appellant. — Appeal by an executrix from certain portions of a decree settling her final account; cross appeal by objectant from certain other portions of said decree. Decree modified on the law and the facts by (1) striking from the summary statement " $9,383.44 ", " 92.50 ", " 379.37 " and " $9,855.31 ", and by substituting therefor respectively "$7,525.51", "106.95", "508.27", and "$8,140.73", (2) striking from said statement "Balance on hand after replacement of surcharges —$8411.73" and by substituting therefor "Balance on hand as of October 21, 1955—$6697.15 made up as follows: Cash in Serial Federal Savings & Loan Association—$5,049.35, Cash in the First National City Bank of New York— $76.60, Surcharges—$1,571.20", and (3) striking from said decree the seventh ordering paragraph which purports to surcharge the executrix in the sum of $1,857.92 on Objection No. 1. As so modified, decree, insofar as appealed from, unanimously affirmed, without costs. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. In our opinion the account, as stated in the decree, improperly surcharged the executrix twice for disallowed disbursements. Such items were properly deducted from disbursements claimed to have been made, and their disallowance is properly reflected in the summary statement of the account by therein crediting her with only those disbursements which were allowed. But it was improper also to add these items to the principal chargeable to her under Schedule "A", as the effect then would be to surcharge her twice for the same items of disallowed disbursements. However, surcharges imposed for assets received but not accounted for by the executrix are in a different category, and these were properly included in the principal charged to her under Schedule "A", since they are not reflected in any way in the credit portion of the account. We believe that the adjustments made by us in the charges under Schedules "A-1" and "A-2" properly restate those items in light of the data contained in the bank statements and other original accounting records herein. It may be relevant to note that mere transfers of funds between fiduciary bank accounts do not per se alter the charges and credits in a fiduciary's account. A fiduciary is charged with assets that he received or should have received, and he is credited only with disbursements made and allowed as

proper. Bank deposits, withdrawals, and balances are not themselves charges or credits, but are merely supporting evidence thereof. We wish also to note that, in this proceeding, there was no proof that the executrix received, or should have received, anything more than testator's house and the personal property therein contained, in addition to the items mentioned under Schedules "A-1" and "A-2". Hence, she may not be charged under Schedule "A" with more than the value of the house and the personalty in it. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.